# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM H. COLLIER, JR., | 1:10-cv-00205-LJO DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| ISAAC FULWOOD, JR., | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### BACKGROUND

On March 11, 1999, the Bureau of Prisons (BOP) released Petitioner via Mandatory Release for Armed Bank Robbery following the imposition of his sentence in 1985. Petitioner's conviction occurred prior to the implementation of the Sentencing Reform Act (SRA).

On November 28, 2000, while still on parole, Petitioner committed an additional Armed Bank Robbery, in addition to other related offenses. This offense occurred after the implementation of the SRA-which is commonly referred to as the "new law" case. See Farrar Declaration ¶ 4, Attachment Three.

On April 13, 2001, the United States Parole Commission (USPC) issued a warrant for a mandatory release violation because of Petitioner's new offenses. Id. ¶ 5, Attachment Four.

On January 25, 2002, the United States District Court, District of Nevada, sentenced

1  Petitioner to a 123-month term for Armed Bank Robbery, Aiding and Abetting, and Use of a
2  Firearm During and in Relation to a Crime of Violence. Id. at ¶ 6, Attachment Five.
3        On December 15, 2009, Petitioner was released from his 2002 sentence via Good
4  Conduct Time. Id. at ¶ 7, Attachment Six. However, he remained in custody based on the
5  detainer and further action by the USPC. Id. at ¶ 8, Attachment Seven.
6        On March 9, 2010, the USPC issued a Notice of Action concerning the Petitioner's
7  mandatory release violation. The USPC directed the BOP to commence the mandatory release
8  term on December 15, 2009. Id. at ¶ 9, Attachment Eight.
9        A parole revocation hearing was conducted on March 25, 2010, and on April 21, 2010, a
10 Notice of Action was issued finding Petitioner violated the terms of his release. Petitioner's
11 mandatory release was revoked and directed he be re-paroled effective July 6, 2010. Id. at ¶ 10,
12 Attachment Nine. The BOP updated the computation of Petitioner's sentence. Id. at ¶ 11,
13 Attachment Ten.
14       In the instant petition, Petitioner contends that he did not receive a timely parole
15 revocation hearing or any good time credits toward his sentence. Respondent filed an answer to
16 the petition on May 21, 2010, and Petitioner filed a traverse on June 11, 2010.

DISCUSSION

I. <u>Subject Matter Jurisdiction and Venue</u>

      Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Whether the Court has subject matter to hear Petitioner's claims pursuant to 28 U.S.C. § 2241 will be discussed below. In addition, pursuant to § 2241, venue is proper in this case because Petitioner was confined at the United States Penitentiary in Atwater, California, at the time he filed the instant petition. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir.2000).

II. <u>Exhaustion of Administrative Remedies</u>

      Before filing a petition for writ of habeas corpus, a federal prisoner challenging any

circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

If the petitioner did not properly exhaust his administrative remedies, and such remedies are no longer available, he may have procedurally defaulted on his claims. See Francis v. Rison, 894 F.2d 353, 354-55 (9th Cir.1990) (applying procedural default rules to administrative appeals); see generally Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977); Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). If a claim is procedurally defaulted, the court may require the petitioner to demonstrate cause for the procedural default and actual prejudice from the alleged constitutional violation. See Francis, 894 F.2d at 355 (suggesting that the cause and prejudice test is the appropriate test); Murray, 477 U.S. at 492 (cause and prejudice test applied to procedural defaults on appeal); Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 906-08 (9th Cir.1986) (cause and prejudice test applied to pro se litigants).

The Bureau of Prisons has established an administrative remedy procedure governing prisoner complaints. The procedure is set forth at 28 C.F.R. § 542.10 et. seq. First, an inmate must attempt to resolve the issue informally by presenting it to staff before submitting a Request for Administrative Remedy. 28 C.F.R. § 542.13 (1999). If dissatisfied with the response, the prisoner may proceed with the formal filing of an Administrative Remedy Request. 28 C.F.R. § 542.14 (1999). Upon denial by the institution, the prisoner may appeal the decision by filing a complaint with the Regional Director of the Bureau of Prisons. 28 C.F.R. § 542.15 (1999). The Regional Director's decision may be appealed to the General Counsel in Washington, D.C. Id.

1 Appeal to the General Counsel is the final step in the administrative remedy process. Id.

2 Respondent argues that Petitioner has not exhausted the administrative remedies.
3 Petitioner filed a request with the Warden at USP Atwater.  Farrar Declaration at ¶ 15,
4 Attachment Thirteen.  The request was denied and he appealed to the Regional Director.  Id., at ¶
5 16, Attachment Fourteen.  The Regional Director also denied the appeal.  Id.  Petitioner was
6 advised that he had 30-days, from April 2, 2010, to appeal to the Office of General Counsel.  Id.
7 Therefore, Petitioner had until May 3, 2010, to appeal to the Central Office, which he failed to do
8 so.

9 III.     Analysis of Claim

10 Petitioner contents that his rights were violated because the USPC executed his parole
11 violator warrant on March 6, 2002, and he did not receive a timely parole revocation hearing.

12 In order to demonstrate relief under 28 U.S.C. § 2241, Petitioner must show that he is "in
13 custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §
14 2244(c)(3); Rose v. Hodges, 423 U.S. 19, 21 (1975).

15 The parole violation warrant was executed by the United States Marshals Service
16 (USMS) on March 6, 2002.  See Farrar Decl., ¶ 13, Attachment Eleven.  Respondent submits that
17 this was done in error because the USPC had not directed the execution of this warrant and it
18 should have been lodged as a detainer.  Id.  The USMS return specifically notes that if "subject is
19 being held in custody on other Federal, State, or Local charges," the warrant must not be
20 executed unless ordered by the USPC.  Id.  On November 8, 2002, the error was corrected and
21 Petitioner was notified that the warrant was changed to a detainer.  Id. at Attachment Twelve.

22 Because only the USPC can direct the execution of their own warrant, Petitioner is not
23 entitled to relief.  See Johnson v. Reilly, 349 F.3d 1149, 1155 (9th Cir. 2003) (USPC has the sole
24 authority in determining when a warrant is to be executed).  Therefore, if a warrant is executed
25 contrary to the USPC's instructions, the execution is invalid.  Id. at 1154, citing United States v.
26 Cox, 475 F.2d 837, 839-840 (9th Cir. 1973). In addition, the right to a parole revocation hearing
27 is triggered only by the execution of the warrant.  Vargas v. United States Parole Commission,
28 865 F.2d 191 (9th Cir. 1988).  Based on the foregoing, there is no merit to Petitioner's challenge

to the revocation proceedings.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and,
2. The Clerk of Court is directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 18, 2010**              /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE